UNITED STATES DISTRICT COURT
District of Massachusetts

| | |
|---|---|
| ROSA LANDAVERDE and EVELIN REYES<br><br>*Plaintiffs*,<br><br>v.<br><br>CAFETA FOODS LLC, D/B/A EL PIKANTE FOODS, and EDGAR BALTAZAR,<br><br>*Defendants*. | Civil Action No. 22-10950 |

**COMPLAINT AND JURY DEMAND**

**Introduction**

1. Plaintiffs Rosa Landaverde ("Landaverde") and Evelin Reyes ("Reyes," collectively referred to herein as "Plaintiffs") bring this action to recover unpaid wages and overtime pay for work Plaintiffs performed for the Defendants, Cafeta Foods, LLC, d/b/a El Pikante Foods and Edgar Baltazar (collectively referred to herein as "Defendants"). Defendants regularly and deliberately failed to timely pay Plaintiffs for all hours worked and failed to pay Plaintiffs overtime pay as required by law. Specifically, Defendants paid Plaintiffs by check for hours worked up to 40 hours per week and paid the remaining hours worked per week in cash, without including the required overtime pay rate, one-and-a-half times Plaintiffs' regular hourly rate.

2. As a result, Plaintiffs bring this action seeking their wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and under M. G. L. c. 149, § 148.

1

Plaintiffs seek, among other forms of relief, statutory trebling of damages, liquidated damages, interest, and attorneys' fees and costs, as provided for by law.

**Parties**

3. Plaintiff Rosa Landaverde is an adult resident of Framingham, Massachusetts. She worked for Defendants from approximately 2007 until she was terminated on or about February 8, 2021.

4. Plaintiff Evelin Reyes is an adult resident of Framingham, Massachusetts. She worked for Defendants from approximately June 2018 until approximately December 2020.

5. Defendant Cafeta Foods, LLC, is a Massachusetts corporation incorporated at 40 Union Avenue, Framingham, Massachusetts, according to records filed with the Massachusetts Secretary of State's Office.

6. The corporation operates under a business certificate doing business as (d/b/a) El Pikante Foods and conducts business at two locations, including 40 Union Avenue, Framingham, Massachusetts, according to records with the City of Framingham.

7. The corporation's second location of business is at 530 Waverly Street, Framingham, Massachusetts and operates under a business certificate doing business as (d/b/a) El Pikante Foods, according to records with the City of Framingham.

8. According to records with the South Middlesex Registry of Deeds, City of Framingham, and on information and belief, Defendant Baltazar maintains a residence at 858 Waverly Street, Framingham, Massachusetts. As reflected in corporate records filed with the Massachusetts Secretary of State's Office, he is the Manager of Cafeta Foods LLC. On information and belief, Defendant Baltazar substantially or exclusively controls Cafeta

Foods LLC's collective and individual policies and practices with respect to the payment of wages, including the policies and practices challenged in this case.

9. During the relevant time period, Cafeta Foods LLC was an enterprise engaged in interstate commerce under the Fair Labor Standards Act (FLSA) and the regulations interpreting the FLSA.

10. On information and belief, Defendants maintained annual gross sales of at least $500,000 during the relevant time period.

11. Defendants regularly transacted business in this district during the relevant time period.

12. Defendants were required to compensate Plaintiffs in accordance with the requirements imposed on employers by FLSA and the Massachusetts Wage Act.

## Jurisdiction and Venue

13. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

14. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

15. Defendants have their principal place of business in the District of Massachusetts and otherwise conduct business in this District and are therefore subject to personal jurisdiction in this District.

16. Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. § 1391, because Defendants are subject to personal jurisdiction in this District and because a substantial part of the acts or omissions giving rise to the claims addressed in this action occurred in this District.

## Factual Allegations

17. Plaintiff Landaverde was hired as a cook by the Defendants in or about 2007. When she was hired, she was paid $7 per hour in cash. In or about 2011, Defendants began paying Plaintiff Landaverde by check.

18. In 2011, Plaintiff Landaverde was paid $10 per hour. In or about 2014, her rate of pay increased to $12 per hour. In or about 2015, her rate of pay increased to $13 per hour. In or about 2017, her rate of pay increased to $14 per hour. In or about 2018, her rate of pay increased to $15 per hour. In or about 2020, her rate of pay increased to $16 per hour.

19. Plaintiff Landaverde worked seven days per week for approximately 78 to 80 hours per week. She was paid for the first 30 to 40 hours of work per week by check, and the remaining hours were paid in cash.

20. Plaintiff Reyes was hired by Defendants to work as a cashier in or about June 2018. She began working about 45 hours per week, but her schedule quickly increased to 60 to 70 hours per week. Plaintiff Reyes was paid $12 per hour in 2018. In or about 2019, Plaintiff Reyes was paid $13 per hour. In or about 2020, her rate of pay increased to $14 per hour.

21. Plaintiff Reyes was paid the first 30 to 40 hours worked per week by check and the remaining hours were paid in cash.

22. Defendants frequently paid Plaintiffs' wages late. When Plaintiff Landaverde complained to Defendants about their irregular pay practices, she was discharged. Defendants discharged Plaintiff Landaverde on or about February 8, 2021.

23. In or about December 2020, Ms. Reyes stopped working because she had a child. She tried to return to work for the Defendants in or about February 2021, but was not allowed to return.

24. Defendants never paid Plaintiffs the applicable over time premium, one-and-a-half times their hourly rate for hours worked in excess of 40 hours per week.

25. Plaintiffs have received permission to file a Private Right of Action from the U.S. Department of Labor. A copy of this authorization, dated January 20, 2022, is attached as Exhibit 1.

## COUNT I
## FAILURE TO PAY OVERTIME

26. Defendants violated 29 U.S.C. § 207(a) by failing to pay Plaintiffs overtime compensation at one-and-a-half times their regular hourly rate for hours worked in excess of 40 hours per week.

27. Defendants' violations of 29 U.S.C. § 207(a) were repeated, willful, and intentional.

28. Plaintiffs have been damaged by these violations of 29 U.S.C. § 207(a).

29. Pursuant to 29 U.S.C. § 207(a) and § 216(b), Defendants are liable to Plaintiffs for the full amount of their unpaid overtime compensation, in an amount to be determined at trial, plus an additional equal amount as liquidated damages, plus the costs and reasonable attorneys' fees incurred by Plaintiffs in bringing this action.

### Count II
### NONPAYMENT OF WAGES

30. Defendants violated the Massachusetts Wage Act, M.G.L. c. 149, § 148, by failing to pay on a timely basis all wages due to Plaintiffs.

31. Plaintiffs have been damaged by these violations of M.G.L. c. 149 § 148.

32. Defendants are liable to the Plaintiffs pursuant to M.G.L. c. 149, § 150 for or the full amount of the wages owed, in an amount to be determined at trial, plus mandatory treble damages, costs, interest, and attorneys' fees.

## Count III
### RETALIATION

33. Defendants violated M.G.L. c. 149, § 148A, c. 15, § 19 and 29 U.S.C. § 215(a)(3), as to Plaintiff Rosa Landaverde, by discharging Plaintiff Landaverde after she engaged in activity protected by the anti-retaliation statutes by lodging complaints regarding Defendants' late payment of wages.

34. Plaintiff Landaverde has been damaged by this violation of M.G.L. c. 149, § 148A, c. 15, § 19 and U.S.C. § 215(a)(3).

35. Defendants are liable to Plaintiff Landaverde pursuant to M.G.L. c. 149, § 150 and 29 U.S.C. § 216(b).

### Prayer for Relief

WHEREFORE, Plaintiffs request that this Court enter the following relief:

A. Determine the damages sustained by Plaintiffs as a result of Defendants' violations of wage and overtime compensation laws pursuant to the Fair Labor Standards Act, the Massachusetts Wage Act, and other federal and state laws, rules, and regulations, and award those damages against Defendants in favor of Plaintiffs, plus additional liquidated and treble damages and interest as provided for by law;

B. Award Plaintiffs costs of this suit, including, without limitation, reasonable attorneys' fees; and

C. Any other or further relief as the Court may deem just and proper.

PLAINTIFFS DEMAND A JURY TRIAL ON ALL CLAIMS SO TRIABLE.

ROSA LANDAVERDE and
EVELIN REYES,

By their attorney,


/s/ Hannah Tanabe

Hannah Tanabe (BBO #693963)
Greater Boston Legal Services
197 Friend Street
Boston, MA 02114
htanabe@gbls.org
617-603-1680

Dated: June 17, 2022

# Exhibit 1

**U.S. Department of Labor**  Wage and Hour Division
JFK Federal Building, Room 525
Boston, MA  02203
Telephone Number  (617) 624-6700
Facsimile Number  (617) 624-6701



January 20, 2022

Joey Michalakes, Esq.
Greater Boston Legal Services
197 Friend Street
Boston, MA 02114

Subject:  El Pikante Foods

Dear Mr. Michalakes:

You recently provided information indicating that the employer named above was not in compliance under the Fair Labor Standards Act of 1938 (FLSA).  The FLSA requires covered employers comply with all provisions of the Act.  The law contains numerous exemptions from these basic standards.

After careful consideration of the information you provided, we have determined that we will not take action because there is not sufficient time to complete an investigation of the violations alleged by the workers before the statute of limitations expires.

The Wage and Hour Division fosters and promotes the welfare of wage earners by improving their working conditions to support the Department's goal of good jobs for everyone.  In carrying out this mission, the Division administers and enforces a variety of Federal labor laws including those that guarantee workers' rights to safe and healthful working conditions; a minimum hourly wage and overtime pay; and a balanced family work life. Although your complaint is important to us, after careful consideration of our mission, priorities and resources, we are declining to take further action on your behalf.  I did forward the sex-based discrimination referral to Ken An, Area Director of the U.S. Equal Employment Opportunity Commission on November 18, 2021.

The fact that we will take no further action on your behalf does not affect the workers' private rights under the Act to bring an independent suit to recover any back wages due.  Congress, recognizing that all complaints may not be resolved or developed for litigation by the Department, has included provisions in FLSA section 16(b) that give individuals the right to file lawsuits on their own behalf if they believe their rights have been violated. An employee may file a lawsuit in federal or state court against the employer for back wages and an equal amount as liquidated damages plus attorney's fees and court costs. The Department of Labor does not encourage or discourage such suits.  The decision is entirely up to the workers.  However, keep in mind that recovery of back wages under this law is subject to a statute of limitations.  Generally, this means that any part of a back wage claim which was earned more than 2 or 3 years before a suit is filed may not be collectible.

Please feel free to call me at 857-264-4712 if you have any questions regarding this letter.

Sincerely,

*Carlos Matos*

District Director